it please the Court, my name is Dinah Choi and I am here with my co-counsel Shannon Perritt, as well as supervising attorneys Leonard Feldman and Eric Schnapper. We're here to represent Mr. Maxwell Hoffman for his appeal. We reserve four minutes for rebuttal. I will begin by addressing the issues we raised with respect to the February 2004 order, which is presently the order before this Court for review. The District Court's entire explanation for dismissing Mr. Hoffman's case is captured in one sentence in its 2004 order, which may be found on page 233 of the record. And I quote, because some of plaintiff's concerns may now be moved, and because there has never been an actual complaint filed in this case, the Court will vacate its previous order issued in this case and dismiss this case without prejudice. The February 2004 order should be vacated because it is defective for two reasons. First, it is clear that the District Court misapplied the legal standard for mootness to dismiss Mr. Hoffman's entire case as moot, the legal standard being that all concerns must be in fact moot. The District Court's determination that some claims may be moot is patently insufficient on its face. Therefore, I'll proceed to the second reason why the 2004 order is defective. The District Court's sui sponte dismissal of Mr. Hoffman's case for failure to file a more formal complaint was an abuse of discretion in two respects. First, when at the beginning of this entire litigation, when Mr. Hoffman filed his initial application for the appointment of counsel, the District Court exercised its discretion to construe this application as a prisoner's civil rights complaint. This may be found on page 40 of the record. It looks like he changed his mind, though. Your Honor, I believe that the District Court ---- He later vacated that order. That's true, Your Honor. However, he granted ---- the District Court granted Mr. Hoffman leave to amend, knowing that the complaint could be cured, could be salvaged, and specifically ordered that Mr. Hoffman ---- Well, he didn't really file a complaint, did he? No, Your Honor. Mr. Hoffman did not start it. What did he file? He filed an application for appointment of counsel. However ---- What do you want us to do? Excuse me? What do you want us to do? We would ask this Court to vacate the 2004 order, remand this case, and appoint Mr. Hoffman counsel for the remainder of this proceeding. To appoint a counsel or consider appointing a counsel? We would request that this Court appoint counsel. Well, you would like us to ---- What case do you rely on that the court of appeals appoints the counsel for the district judge? Excuse me, Your Honor? What case do you rely on that the court of appeals appoints a counsel for the district judge? Well, it is clear that Willborn v. Escaldron provides that there is a test for appointment of counsel. We ask that this Court ---- it's within the power of this Court to direct the district court to review this test in order to appoint counsel. Can we do ---- assuming we agree with you, can we do anything more than vacate and remand the case to consider appointing a counsel before he dismisses the case? Can we do anything more than that? I will ---- I'm not quite certain, Your Honor. However, we do request that this Court vacate and remand. Under Bradshaw v. San Diego Zoo, we did ask him to do a little bit more the second time around to go try and find somebody who is willing to do this for free. But I don't think I've seen a case where we have done the appointing ourselves, gone out and found an attorney who is willing to do this pro bono, scouring through the area to find that. I don't think we have a case that I know of that allows us to do that. Well, we feel that it is within the power of this Court to cut through the red tape and direct the district court to appoint Mr. Hoffman counsel. Speaking of cutting through the red tape, if you're right, this goes back and you want leave to file an amended complaint? Yes. The Court had granted Mr. Hoffman leave to amend. And it was dismissed without prejudice? Yes. Cutting through the red tape, why don't you just file an amended complaint for him? Well, in that time, having waited nearly a year to dismiss this case without prejudice, the Court did not resolve Mr. Hoffman's motion for extension of time to submit the amended complaint. So if what we're asking you to do is file an amended complaint. It's dismissed without prejudice, though, right? Correct, Your Honor. So you can refile today if you wanted to. Yes, Your Honor. Why don't you just go file an amended complaint? Well, we request that it is clear that Mr. Hoffman is incompetent, illiterate, and unable to articulate his claims. Now he's got lawyers, you folks. I'm sorry, Your Honor? But you've been appointed to him, right? For this appeal. What stops you from filing the complaint on his behalf? I'm not certain that that was what we were retained to do. However, what is clear is that Mr. Hoffman does need assistance. And Mr. Hoffman was initially ordered to be assisted by Mr. Shackelford, a fellow prison inmate, and that was insufficient. No, I understand that. I don't understand why instead of appealing the dismissal, you don't just file a complaint for him. Well, that is what we're asking this Court to allow Mr. Hoffman to do, is to remand this case to allow him to proceed in litigating his claims, which requires a submission of an amended complaint, however, with assistance. In whatever form this Court feels is necessary, we request that this Court appoint assistance for Mr. Hoffman. You mentioned you wanted to save four minutes? Correct, Your Honor. The only other point that I would like to raise before this Court is that the record is sufficient in terms of showing that Mr. Hoffman attempted to comply with the Court's order repeatedly, however, in his compelling unique situation of being incompetent, illiterate, and unable to articulate his claims, he was unable to comply with the order, and therefore, this Court's response to dismissal without first considering less drastic alternatives and without giving him notice of imminent dismissal was an abuse of discretion. Therefore, we ask this Court to vacate the 2004 order and remand this case to allow Mr. Hoffman to proceed in litigating his claims. Thank you. Thank you, Ms. Trimble. Counsel for the amicus. Good morning. Good morning. My name is Michelle Points. I'm with the firm Holly Troxel, Innocent Holly out of Boise. I represent amicus in this matter, Prison Health Services, and the Idaho Department of Correction. As the Court is aware from reviewing the record, I am not here to discuss the merits of the dismissal of the district court in February of 2004. I'm simply here to preserve the record as to our motion for reconsideration which was pending before the district court when the complaint was dismissed. Let me ask you a question. Did the district court committeer, in failing to rule on the appointment of a counsel motion before he dismissed without prejudice? I do not believe he did, but I'm not here to address those merits, Your Honor. Don't we have some Ninth Circuit cases that tell him he ought to do that? Yes, you do. But it is the amicus's position strictly here, Your Honor, that we being amicus was ordered to conduct an extensive study, investigations with sworn affidavits to enable the court to review, in the court's words, whether appointment of counsel was to take place or not. Well, I don't know. In his first order, he relied upon the affidavit saying the man cannot read or write and has mental deficiencies. We've spent an inordinate amount of time and money requiring the prisons to get libraries just so prisoners can go read the law and file petitions. That may have been a wrong decision, but it's the law. This person can't even go to the library and read. It seems to me that it doesn't take a rocket scientist and an extreme amount of hearings with the decisions he's already made in order number one. Now, whether or not he feels he should go out and try and find a pro bono counsel following what we've directed in Bradshaw v. San Diego Zoo is another issue. But it seems to me that under the law we have, I don't know how we can do anything other than vacate and remand for him to consider the appointment of counsel. That's my current view that you can talk me out of. But tell me how we're going to get around our Ninth Circuit cases. That's what bothers me. Your Honor, I have a unique position here in that I am not here to address whether you vacate to appoint counsel or not. Our role in the initial order out of the district court was we were to conduct these thorough investigations and to submit a report. It is the position of the amicus that the district court did not have jurisdiction to make such an order. As we were not joined as parties, we were not properly served, nor were we given the opportunity to waive service. That is the sole issue that I'm here to address and particularly on that issue. He was just asking for a friendly report. I mean, you know, he almost wanted some information so he could make an assessment. And, you know, to be honest, Your Honor, that is the protocol that the District of Idaho usually follows is that they issue an order, the parties waive service, and then the parties submit material to the court. He didn't ask you to waive service or anything. He just wanted some information so he could assess whether there was any substance to his claim. I understand, Your Honor, but that could have been. I gather the department appears fairly regularly in the District of Idaho. That is correct, Your Honor, and it is after we are either served or asked to waive service. And this is what the court is asking us to do, that being amicus, and it would stand for the proposition that the court could ask any third party, that is to say an oncologist or a podiatrist, to say, okay, third party, not being a party, not being served, can you please submit a thorough investigation with sworn affidavits so I can make sure that he's receiving proper care for his cancer? That's improper. The court doesn't have jurisdiction to do that on a third party. That's not a party and has not been served. So what the district court should have done, I guess, in your perspective, is to order a new complaint filed, with or without counsel, whatever, and then order it served on the State before directing the State prepare a report. That's correct. I think the court could have. There's no question that the district court could have, had you been served, the district court could have ordered the State to file some response or something. Absolutely. Susan, if I understand you correctly, you don't have any objection to our reversing the case and sending it back to Judge I do not have a problem with that, Your Honor. What I do have an issue with is if that order is vacated, the March 03 order still stands wherein it orders the amicus to file this thorough investigation with sworn affidavits and a report. Our position is the court does not have jurisdiction to do that unless there is, one, a new complaint. How would that order still be in place? I thought he dismissed the case. That is correct. You're right. I apologize. They just want us to vacate the dismissal. You don't have any problem with that? I don't have a problem with that. I'm just here to preserve the issue on appeal that the court did not have jurisdiction to order us to take those affirmative steps. At least until he joins you as a partner. That's correct, Your Honor. Unless you have any further questions, that's all I have to argue. Thank you, Ms. Poinson. Good morning. Sounds like they just agreed they have no objection to you going back. Pardon? Sounds like they just agreed they have no objection to the relief you're asking for. Sounds like they have no objection to the relief we're asking for. I would just like to make two points. Your name, please. I'm Shannon Parrott. Thank you. I'd like to make two points. One is that the 2003 order is not before this Court. That order has been dismissed. Even should this Court vacate the 2004 order, the 2003 order does not become back in place. It's gone. Should this Court remand to the district court and be here free to raise their jurisdictional arguments at that point, they're simply not before the Court right now. The second issue I would like to address is the question that Justice Wallace raised regarding why not simply have Mr. Hoffman file a new complaint. Asking Mr. Hoffman to file a new complaint is highly prejudicial without giving him some type of assistance. The Court, in its original 2003 order, found that Mr. Hoffman is unable to create a complaint on his own. He doesn't even know who to add as defendants. The Court attempted to remedy that situation by appointing fellow inmate Dale Shackelford. The IDOC said no, not acceptable. Mr. Hoffman still needs assistance in order to file a complaint. Meanwhile, his health problems continue. He's suffering prejudice, harm, as this goes on. Well, he may well, you may be right, but we can't help you there, can we? Is there a case that says that our Court can appoint a counsel for him to work in the district court? No, Your Honor. This Court does not appoint counsel, though this Court does have the authority to remand to a district court with a district court to appoint counsel, or in the alternative to the district court. Does this Court appoint or remand to consider appointing? Pardon me, Your Honor. Remand to consider the appointment of counsel, or in the alternative, some other form of assistance to Mr. Hoffman, who is an illiterate, mentally ill, incompetent inmate. And you understand the difficulty when you get back. He has to think that he has to do it under Bradshaw v. San Diego Zoo, and then he's got to find something that's willing to do it pro bono. Absolutely. I understand that Mr. Hoffman may face more difficulties when he gets back to the district court. However, the issue in this case is that the court, the district court, did not follow the proper procedures in dismissing Mr. Hoffman's claim. Even an inmate has a right to access courts in a meaningful way. By denying him assistance of a fellow inmate and by denying him any other type of assistance, he is unable to file a meaningful complaint and thus unable to pursue his allegations of denial of medical care. If there are no further questions, we will respectfully ask that this court vacate the 2004 order and remand to the district court, requesting that the district court either appoint counsel or further explore options to assist Mr. Hoffman in refiling his complaint. Are you folks available to be appointed for him in the district court in Idaho? Your Honor, I can't speak for my fellow counsel. As you know myself, I am a law student, so no, at this point I am not personally available. Do you know if the clinic is? Pardon? Do you know if your program is available? I do not know, Your Honor. You may have next semester's challenge, you know. I would be happy to take it on, Your Honor. Get extra credit or something. In lieu of a book report or something. Okay, thank you very much. Nice job by all concerned. Thank you. We're very grateful to you taking on these pro bono cases. When we get pro bono counsel and ask for an appointment, it's for a reason. And our statistics demonstrate the reversal rate in the cases that we ask for pro bono counsel is 55 percent. The reversal rate for normal cases is about 10 percent. So this pro bono program has worked due to the cooperation of law schools and lawyers who are willing to take upon themselves these assignments when we think we need help. And we congratulate you on your program and your presentation. Thank you. Case disargument is submitted.
judges: Wallace, Silverman, Paez